1  DEBORAH H. PETITO, SBN 118147
     *DPetito@ClarkTrev.com*
2  STEPHEN E. HYAM, SBN 198065
     *SHyam@ClarkTrev.com*
3  CLARK & TREVITHICK
   800 Wilshire Blvd., 12th Floor
4  Los Angeles, California 90017
   Telephone: (213) 629-5700
5  Facsimile: (213) 624-9441

6  Attorneys for Plaintiff Wheel Group
   Holdings, LLC

7

8              **UNITED STATES DISTRICT COURT**

9      **CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION**

10

11 WHEEL GROUP HOLDINGS, LLC, a      CASE NO. ED CV 17-1294-JVS-PLAx
   Delaware limited liability company,
12                                   **PROTECTIVE ORDER –
                Plaintiff,           CONFIDENTIAL AND HIGHLY
13                                   CONFIDENTIAL DESIGNATIONS;
        vs.                          ORDER**
14
   CUB ELECTPARTS, INC., a           Assigned to Hon. James V. Selna
15 Taiwanese corporation,
                                     Trial Date:        March 5, 2019
16              Defendant.
                                     Discovery cut-off  Nov. 1, 2018
17                                   Motion cut-off      Nov, 20, 2018

18

19

20        In order to facilitate the exchange of information and documents that may be

21 subject to confidentiality limitations on disclosure due to federal laws, state laws,

22 and privacy rights, Wheel Group Holdings, LLC ("TWG"), CUB Elecparts, Inc.

23 ("Cub"), and Ron Ho Enterprises Co., Ltd. ("Ron Ho"), by and through their

24 respective counsel of record (the "Parties"), make the following discovery

25 stipulation:

26        WHEREAS, the Parties may have confidential business documents, including

27 financial and corporate records, and production of such documents (collectively,

28 "Proprietary Information") could put the Parties at a competitive disadvantage with

2287402.2 (18011.001)

1  each other and/or competitors;

2  WHEREAS, the Parties anticipate that discovery in this action may include

3  Proprietary Information or otherwise highly private information;

4  WHEREAS, the Parties wish to protect such documents and information from

5  disclosure except as set forth herein and to ensure that the Parties can obtain and

6  pursue discovery with the minimum of delay and expense;

7  WHEREAS, the Parties desire to protect such documents and information

8  from disclosure to any persons who are not parties to this action, including but not

9  limited to use in any action or legal proceeding other than the present matter, and the

10  Parties specifically reject any interpretation of the Protective Order to the contrary;

11  and

12  WHEREAS, documents and information will be exchanged between counsel

13  for the Parties as a result of the entry of the Protective Order, which might have

14  been subject to Court proceedings regarding objections but for the Protective Order.

15  WHEREAS, the Parties represent that this litigation does not present any

16  public health or safety concerns.

17  THE PARTIES HEREBY STIPULATE AS FOLLOWS:

18  1.  In this Stipulation and Protective Order, the words set forth below shall

19  have the following meanings:

20  a.  "Confidential" means any information that belongs to a

21  Designating Party who believes in good faith that the Disclosure of

22  such information to a non-party would create a substantial risk of

23  serious financial or other injury that cannot be avoided by less

24  restrictive means.

25  b.  "Confidential Materials" means any Information as defined

26  below designated as "Confidential" or "Highly Confidential" pursuant

27  to the provisions of this Stipulation and Protective Order.

28  c.  "Court" means the any judge or magistrate to which this

Proceeding may be assigned, including Court staff participating in such proceedings.

d. "Designating Party" means the Party that designates Materials as "Confidential" or "Highly Confidential."

e. "Disclose" or "Disclosed" or "Disclosure" means to reveal, divulge, give, or make available Materials marked "Confidential" or "Highly Confidential," or any part thereof, or any information contained therein.

f. "Documents" means (i) any "Writing," "Original," and "Duplicate" as those terms are defined by Federal Rules of Evidence, which have been or will be produced in discovery in this Proceeding by any Party or non-Party, and (ii) any copies, reproductions, or summaries of all or any part of the foregoing.

g. "Highly Confidential" means any information that belongs to a Designating Party who believes in good faith that the Disclosure of such information to another Party or non-Party would create a substantial risk of serious financial or other injury that cannot be avoided by less restrictive means.

h. "Information" means the content of Documents, Testimony, or tangible items.

i. "Testimony" means all depositions, declarations, or other testimony taken or used in this Proceeding.

j. "Proceeding" means the above-entitled proceeding.

2. The Designating Party shall have the right to designate as "Confidential" or "Highly Confidential" only the non-public Information that the Designating Party in good faith believes would create a substantial risk of serious financial or other injury, if Disclosed to another Party or non-party, and that such risk cannot be avoided by less restrictive means.

clark
trevithick

3. The entry of this Stipulation and Protective Order does not alter, waive, modify, or abridge any right, privilege, or protection otherwise available to any Party with respect to the discovery of matters, including, but not limited to, any Party's right to assert the attorney-client privilege, the attorney work product doctrine, or other privileges, or any Party's right to contest any such assertion.

4. Any Information to be designated as "Confidential" or "Highly Confidential" must be clearly so designated before the Information is Disclosed or produced. The Parties may agree that the case name and number are to be part of the "Confidential" or "Highly Confidential" designation. The "Confidential" or "Highly Confidential" designation should not obscure or interfere with the legibility of the designated Information.

     a. For Documents (apart from transcripts of depositions or other pretrial or trial proceedings), the Designating Party must affix the legend "Confidential" or "Highly Confidential" on each page of any Document containing such designated Confidential Material.

     b. For Testimony given in depositions the Designating Party may either:

          i. identify on the record, before the close of the deposition, all "Confidential" or "Highly Confidential" Testimony, by specifying all portions of the Testimony that qualify as "Confidential" or "Highly Confidential;" or

          ii. designate the entirety of the Testimony at the deposition as "Confidential" or "Highly Confidential" (before the deposition is concluded) with the right to identify more specific portions of the Testimony as to which protection is sought within 30 days following receipt of the deposition transcript.

          iii. In circumstances where portions of the deposition Testimony are designated for protection, the transcript pages

containing "Confidential" or "Highly Confidential" Information may be separately bound by the court reporter, who must affix to the top of each page the legend "Confidential" or "Highly Confidential," as instructed by the Designating Party.

c.     For Information produced in some form other than Documents, and for any other tangible items, including, without limitation, compact discs or DVDs, the Designating Party must affix in a prominent place on the exterior of the container or containers in which the Information or item is stored the legend "Confidential or "Highly Confidential". If only portions of the Information or item warrant protection, the Designating Party, to the extent practicable, shall identify the "Confidential" or "Highly Confidential" portions.

5.     The inadvertent production by any of the undersigned Parties or non-Parties to the Proceedings of any Information during discovery in this Proceeding without a "Confidential" or "Highly Confidential" designation, shall be without prejudice to any claim that such item is "Confidential" or "Highly Confidential" and such Party shall not be held to have waived any rights by such inadvertent production. In the event that any Information that is subject to a "Confidential" or "Highly Confidential" designation is inadvertently produced without such designation, the Party that inadvertently produced the item shall give written notice of such inadvertent production within twenty (20) days of discovering the inadvertent production, together with a further copy of the subject Information designated as "Confidential" or "Highly Confidential" (the "Inadvertent Production Notice"). Upon receipt of such Inadvertent Production Notice, the Party that received the inadvertently produced Information shall promptly destroy the inadvertently produced Information and all copies thereof, or, at the expense of the producing Party, return such together with all copies of such Information to counsel for the producing Party and shall retain only the "Confidential" or "Highly

Confidential" designated materials. Should the receiving Party choose to destroy such inadvertently produced Information, the receiving Party shall notify the producing Party in writing of such destruction within ten (10) days of receipt of written notice of the inadvertent production. This provision is not intended to apply to any inadvertent production of any items protected by attorney-client or work product privileges. In the event that this provision conflicts with any applicable law regarding waiver of confidentiality through the inadvertent production of Information, such law shall govern.

6.     In the event of a dispute or challenge to designation or disclosure of information of claimed "Confidential" or "Highly Confidential" information, the counsel shall follow the procedures set forth in Local Rule 37.  If the parties want to file the Joint Stipulation required by Local Rule 37 under seal, the parties may file a stipulation to that effect or the moving party may file an ex parte application making the  appropriate request. The parties must set forth good cause in the stipulation or ex parte application as to why the Joint Stipulation or portions thereof should be filed under seal. Any disputes raised by the Parties respecting the designation shall be asserted within the time period for the completion of discovery.

7.     Access to and/or Disclosure of Confidential Materials designated as "Confidential" shall be permitted only to the following persons:

a.     Trial Counsel for the Parties, their partners, and associates, and staff and supporting personnel of such attorneys, such as paralegal assistants, secretarial, stenographic, and clerical employees and contractors, and outside copying services, who are working on this Proceeding (or any further proceedings herein) under the direction of such attorneys and to whom it is necessary that the Confidential Materials be Disclosed for purposes of this Proceeding. Such employees, assistants, contractors, and agents to whom such access is permitted and/or Disclosure is made shall, prior to such access or

Disclosure, be advised of, and become subject to, the provisions of this Protective Order. "Trial Counsel", for purposes of this subparagraph, shall mean outside retained counsel and shall not include in-house counsel to the undersigned Parties and the paralegal, clerical, and secretarial staff employed by such in-house counsel;

b.       Outside experts or expert consultants consulted by the undersigned Parties or their counsel in connection with the Proceeding, whether or not retained to testify at any oral hearing; provided, however, that prior to the Disclosure of Confidential Materials to any such expert or expert consultant, counsel for the Party making the Disclosure shall deliver a copy of this Stipulation and Protective Order to such person, shall explain its terms to such person, and shall secure the signature of such person on a statement in the form attached hereto as Exhibit A prior to the Disclosure of Confidential Materials.  It shall be the obligation of counsel, upon learning of any breach or threatened breach of this Stipulation and Protective Order by any such expert or expert consultant, to promptly notify counsel for the Designating Party of such breach or threatened breach;

c.       Any person who authored, received, saw, or was otherwise familiar with a Document or thing marked "Confidential," including any person otherwise familiar with the Confidential Information contained therein, but only to the extent of that person's prior familiarity with the Confidential Information;

d.       Parties to this matter, limited to the named Party and if that Party is a corporate entity, those officers, directors, employees, in-house counsel, and insurers whose assistance is required for purposes of the matter and who must have access to the Confidential Material to render such assistance;

e. Any deponent, during his or her deposition, who is the Designating Party or a current employee or member of the Designating Party (or any person who prepared or assisted directly in the preparation of the Confidential Material);

f. Any other deponent as to whom there is a legitimate need to disclose particular Confidential Materials for purposes of identifying or explaining it or refreshing recollection;

g. Fact witnesses or potential percipient witnesses at or in preparation for deposition or trial;

h. Outside vendors employed by counsel for copying, scanning, and general handling of Documents;

i. Court reporters in this Proceeding (whether at depositions, hearings, or any other proceeding);

j. The Court, subject to paragraph 18; and

k. Any other person who the Designating Party agrees to in writing.

8. Access to and/or Disclosure of Confidential Materials designated as "Highly Confidential" shall be permitted only to the following persons:

a. Trial Counsel for the Parties, their partners and associates, and staff and supporting personnel of such attorneys, such as paralegal assistants, secretarial, stenographic, and clerical employees and contractors, and outside copying services, who are working on this Proceeding (or any further proceedings herein) under the direction of such attorneys and to whom it is necessary that the Confidential Materials be Disclosed for purposes of this Proceeding. Such employees, assistants, contractors, and agents to whom such access is permitted and/or Disclosure is made shall, prior to such access or Disclosure, be advised of, and become subject to, the provisions of this Protective Order. "Trial Counsel", for purposes of this subparagraph,

shall mean outside retained counsel and shall not include in-house counsel to the undersigned Parties and the paralegal, clerical, and secretarial staff employed by such in-house counsel;

b.     Outside experts or expert consultants consulted by the undersigned Parties or their counsel in connection with the Proceeding, whether or not retained to testify at any oral hearing; provided, however, that prior to the Disclosure of Confidential Materials to any such expert or expert consultant, counsel for the Party making the Disclosure shall deliver a copy of this Stipulation and Protective Order to such person, shall explain its terms to such person, and shall secure the signature of such person on a statement in the form attached hereto as Exhibit A prior to the Disclosure of Confidential Materials. It shall be the obligation of counsel, upon learning of any breach or threatened breach of this Stipulation and Protective Order by any such expert or expert consultant, to promptly notify counsel for the Designating Party of such breach or threatened breach;

c.     Any person who authored, received, saw, or was otherwise familiar with a document or thing marked "Highly Confidential", including any person otherwise familiar with the Confidential Information contained therein, but only to the extent of that person's prior familiarity with the Confidential Information;

d.     Court reporters in this Proceeding (whether at depositions, hearings, or any other proceeding); and

e.     The Court subject to paragraph 18.

9.     Confidential Materials shall be used by the persons receiving them only for the purposes of preparing for, conducting, participating in the conduct of, and/or prosecuting and/or defending the Proceeding, and not for any business or other purpose whatsoever.

10.    Any Party to the Proceeding (or other person subject to the terms of this Stipulation and Protective Order) may ask the Court, after appropriate notice to the other Parties to the Proceeding, to modify or grant relief from any provision of this Stipulation and Protective Order.  Local Rule 37 shall apply.

11.    Entering into, agreeing to, and/or complying with the terms of this Stipulation and Protective Order shall not:

      a.    operate as an admission by any person that any particular Document, Testimony or Information marked "Confidential" or "Highly Confidential" contains or reflects trade secrets, proprietary, confidential, or competitively sensitive business, commercial, financial, or personal information; or

      b.    prejudice in any way the right of any Party (or any other person subject to the terms of this Stipulation and Protective Order):

            i.    to seek a determination by the Court of whether any particular Confidential Material should be subject to protection as "Confidential" or "Highly Confidential" under the terms of this Stipulation and Protective Order; or

            ii.    to seek relief from the Court on appropriate notice to all other Parties to the Proceeding from any provision(s) of this Stipulation and Protective Order, either generally or as to any particular Information.

12.    Any Party to the Proceeding who has not executed this Stipulation and Protective Order as of the time it is presented to the Court for signature may thereafter become a Party to this Stipulation and Protective Order by its counsel's signing and dating a copy thereof and filing the same with the Court, and serving copies of such signed and dated copy upon the other Parties to this Stipulation and Protective Order.

13.    Any Information that may be produced by a non-party witness in

discovery in the Proceeding pursuant to subpoena or otherwise may be designated by a Party or such non-party as "Confidential" or "Highly Confidential" under the terms of this Stipulation and Protective Order, and any such designation by a non-party shall have the same force and effect, and create the same duties and obligations, as if made by one of the undersigned Parties hereto. Any such designation shall also function as a consent by such producing party to the authority of the Court in the Proceeding to resolve and conclusively determine any motion or other application made by any person or Party with respect to such designation, or any other matter otherwise arising under this Stipulation and Protective Order.

14. If any person subject to this Stipulation and Protective Order who has custody of any Confidential Materials receives a subpoena or other process ("Subpoena") from any government or other person or entity demanding production of Confidential Materials, the recipient of the Subpoena shall promptly give notice of the same by electronic mail transmission, followed by either express mail or overnight delivery to counsel of record for the Designating Party, and shall furnish such counsel with a copy of the Subpoena. Upon receipt of this notice, the Designating Party may, in its sole discretion and at its own cost, move to quash or limit the Subpoena, otherwise oppose production of the Confidential Materials, and/or seek to obtain confidential treatment of such Confidential Materials from the subpoenaing person or entity to the fullest extent available under law. The recipient of the Subpoena may not produce any Information pursuant to the Subpoena prior to the date specified for production on the Subpoena.

15. Nothing in this Stipulation and Protective Order shall be construed to preclude either Party from asserting in good faith that certain Confidential Materials require additional protection. The Parties shall meet and confer to agree upon the terms of such additional protection.

16. If, after execution of this Stipulation and Protective Order, any Confidential Materials submitted by a Designating Party under the terms of this

Stipulation and Protective Order is Disclosed by a non-Designating Party to any person other than in the manner authorized by this Stipulation and Protective Order, the non-Designating Party responsible for the Disclosure shall bring all pertinent facts relating to the Disclosure of such Confidential Materials to the immediate attention of the Designating Party.

17.     This Stipulation and Protective Order is entered into without prejudice to the right of any Party to knowingly waive the applicability of this Stipulation and Protective Order to any Confidential Materials designated by that Party. If the Designating Party uses Confidential Materials in a non-Confidential manner, then the Designating Party shall advise that the designation no longer applies.

18.     If Confidential Materials or Information derived from Confidential Materials are submitted to or otherwise disclosed to the Court in connection with discovery motions and proceedings, the same shall be separately filed under seal with the clerk of the Court in an envelope marked: "CONFIDENTIAL—FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER AND WITHOUT ANY FURTHER SEALING ORDER REQUIRED."

19.     If Confidential Materials or Information derived from Confidential Materials is included in any papers to be filed in Court, such papers shall be accompanied by an application to file the papers -- or the confidential portion thereof -- under seal; the application must demonstrate good cause for the under seal filing. The application shall be directed to the judge to whom the papers are directed. Pending the ruling on the application, the papers or portions thereof subject to the sealing application shall be lodged under seal.

20.     The Parties shall meet and confer regarding the procedures for use of Confidential Materials at trial and shall move the Court for entry of an appropriate order. Absent an appropriate order, once a case proceeds to trial, all of the court-filed information that is to be introduced and was previously designated as Confidential and/or kept and maintained pursuant to the terms of a protective order

1 becomes public and will be presumptively available to all members of the public,
2 including the press, unless compelling reasons supported by specific factual findings
3 to proceed otherwise are made to the district judge in advance of the trial. See, e.g.,
4 Hagestad v. Tragesser, 49 F.3d 1430, 1434 (9th Cir. 1995); San Jose Mercury News,
5 Inc. v. U.S. District Court - Northern District, 187 F.3d 1096, 1102 (9th Cir. 1999);
6 Kamakana v. City and County of Honolulu, 447 F.3d 1172, 1180-81 (9th Cir. 2006)
7 (distinguishing "good cause" showing for sealing documents produced in discovery
8 and attached to non-dispositive motions from "compelling reasons" standard when
9 merits-related documents are part of the judicial record).

10    21.    Nothing in this Stipulation and Protective Order shall affect the
11 admissibility into evidence of Confidential Materials, or abridge the rights of any
12 person to seek judicial review or to pursue other appropriate judicial action with
13 respect to any ruling made by the Court concerning the issue of the status of
14 Protected Material.

15    22.    This Stipulation and Protective Order shall continue to be binding after
16 the conclusion of this Proceeding and all subsequent proceedings arising from this
17 Proceeding, except that a Party may seek the written permission of the Designating
18 Party or may move the Court for relief from the provisions of this Stipulation and
19 Protective Order.  To the extent permitted by law, the Court shall retain jurisdiction
20 to enforce, modify, or reconsider this Stipulation and Protective Order, even after
21 the Proceeding is terminated.

22    23.    Upon written request made within thirty (30) days after the settlement
23 or other termination of the Proceeding, the undersigned Parties shall have thirty (30)
24 days to either (a) promptly return to counsel for each Designating Party all
25 Confidential Materials and all copies thereof (except that counsel for each Party may
26 maintain in its files, in continuing compliance with the terms of this Stipulation and
27 Protective Order, all work product, and one copy of each pleading filed with the
28 Court and one copy of each deposition together with the exhibits marked at the

deposition, (b) agree with counsel for the Designating Party upon appropriate methods and certification of destruction or other disposition of such Confidential Materials, or (c) as to any Information not addressed by sub-paragraphs (a) and (b), file a motion seeking a Court order regarding proper preservation of such Materials. To the extent permitted by law the Court shall retain continuing jurisdiction to review and rule upon the motion referred to in sub-paragraph (c) herein.

24. After this Stipulation and Protective Order has been signed by counsel for all Parties, it shall be presented to the Court for entry. Counsel agree to be bound by the terms set forth herein with regard to any Confidential Materials that have been produced before the Court signs this Stipulation and Protective Order.

25. The Parties and all signatories to the Certification attached hereto as Exhibit A agree to be bound by this Stipulation and Protective Order pending its approval and entry by the Court. In the event that the Court modifies this Stipulation and Protective Order, or in the event that the Court enters a different Protective Order, the Parties agree to be bound by this Stipulation and Protective Order until such time as the Court may enter such a different Order. It is the Parties' intent to be bound by the terms of this Stipulation and Protective Order pending its entry so as to allow for immediate production of Confidential Materials under the terms herein.

26. **<u>GOOD CAUSE STATEMENT:</u>** The Parties hereto stipulate and agree that discovery in this case involves the disclosure of information that the parties consider to be confidential commercial information, within the meaning of F.R.C.P. 26(c)(1)(G). Specifically, as part of the discovery request in this case, TWG has requested, inter alia, that Cub produce certain pricing information relating to the prices charged by Cub for its products to various customers. Cub considers such pricing information to be highly commercially sensitive and does not share such information publicly within the marketplace. Cub believes that if such information were to become public, it has the potential to severely harm Cub's competitive standing and business in general. TWG has also requested various

1  communications and other documents relating to Cub's development of certain
2  technologies utilized in its Tire Pressure Monitoring System products. Once again,
3  Cub considers such technical information to be highly commercially sensitive and
4  notes that its public disclosure could harm Cub's business. Cub has requested of
5  TWG certain information that relates to pricing and profits, which TWG contends is
6  confidential and its public disclosure could harm TWG's business.
7      This Stipulation and Protective Order may be executed in counterparts.
8
9
10                                **ORDER**
11      **GOOD CAUSE APPEARING**, the Court hereby approves this Stipulation
12  and Protective Order.
13      **IT IS SO ORDERED.**
14
15  October 9, 2018                    _____
16                                     Paul L. Abrams
                                       United States Magistrate Judge
17
18
19
20
21
22
23
24
25
26
27
28

PROTECTIVE ORDER – CONFIDENTIAL AND HIGHLY CONFIDENTIAL DESIGNATIONS; ORDER

# EXHIBIT A

## CERTIFICATION RE CONFIDENTIAL DISCOVERY MATERIALS

I hereby acknowledge that I,                                [NAME],

                               [POSITION AND EMPLOYER], am about to receive Confidential Materials supplied in connection with the Proceeding 5:17-cv-001294-JVS. I certify that I understand that the Confidential Materials are provided to me subject to the terms and restrictions of the Stipulation and Protective Order filed in this Proceeding. I have been given a copy of the Stipulation and Protective Order; I have read it, and I agree to be bound by its terms.

I understand that Confidential Materials, as defined in the Stipulation and Protective Order, including any notes or other records that may be made regarding any such materials, shall not be Disclosed to anyone except as expressly permitted by the Stipulation and Protective Order. I will not copy or use, except solely for the purposes of this Proceeding, any Confidential Materials obtained pursuant to this Protective Order, except as provided therein or otherwise ordered by the Court in the Proceeding.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

clark
trevithick

1         I further understand that I am to retain all copies of all Confidential Materials

2    provided to me in the Proceeding in a secure manner, and that all copies of such

3    Materials are to remain in my personal custody until termination of my participation

4    in this Proceeding, whereupon the copies of such Materials will be returned to

5    counsel who provided me with such Materials.

6         I declare under penalty of perjury, under the laws of the State of California,

7    that the foregoing is true and correct.  Executed this _____ day of _____,

8    20__, at _____.

9    DATED:_____        BY:

10                                           Signature

11                                           Title

12                                           Address

13                                           City, State, Zip

14                                           Telephone Number

